McFarland, J.,
delivered the opinion of the Court.
The action was against J. H. Waggener, as maker,, and Cheek and Ayers and Haugh, as endorsers, of two notes — -judgment was taken by default against the two latter, and the two former pleaded the general issue and payment. The suit was brought in the Municipal Court of Memphis. The act creating the Court provides that monthly terms shall be held, beginning on the 1st Tuesday of each month — that the February, June and October terms shall be for the trial of criminal cases exclusively. The record shows that the cause was tried at the May term on the 14th of June. Objection was made to the trial, upon the ground that the May term was by law adjourned, by the day fixed for the June term, 1st Tuesday of June,, and the June term was devoted exclusively to criminal .cases. ' It is somewhat difficult to see how the May-term could be holden on the 14th of June; but we are bound to presume in favor of the regularity of the proceedings, and suppose that the May term was ad--journed over and met again after the June term had been finally adjourned. This would probably be permissible, though rather loose, as- it does not appear to have been a special or an adjourned term — but as the parties and their attorneys were present, we would from consideration of public policy be slow to declare such judgment thus rendered absolutely void. This *491 Court in the ease of Venable v. Curd, 2 Head, 582, held a judgment valid, although the Court was held, at a time not authorized by any law then in force.
On the day the cause was called for trial, Cheek asked leave to file additional pleas, which in substance-aver, that he was only accommodation endorser for Waggener; that the notes embrace usury to the amount of $706.56. One of these pleas claims that there was-due Waggener from the plaintiffs, some $1,944.04, on account of usury in various other transactions, which the plea prays might be set-off against these claims. This application was supported by affidavit showing that the fact was not discovered until about the time the plea was filed. The cause was put at issue in December and this application was made in June following — several monthly terms of the Court had passed,, but it does not appear that the cause had previously been called for trial. It appears that the question of usury was involved between Waggener and the Bank' in a suit in Chancery, but it does not appear that Cheek was a party to this suit, or that he could obtain any benefit from it. To the extent at least of the usury or unlawful interest, growing out of the two-notes sued on, Cheek was entitled to have them deducted from the amount claimed ' in this suit. This Court rarely interferes with the exercise of judicial discretion by the' inferior Courts, but will do so when! that discretion has not been properly exercised — and when without it injustice will be done to a party not in default. Delay in filing pleadings will not be excused when it occurs from want of diligence. The *492 affidavits in this case do not show that with the exercise of due diligence, the facts upon which the pleas are predicated might not have been discovered sooner. The notes were executed and endorsed more than two years before these pleas were offered — five or six terms had passed after the suits were brought. Our statutes upon the subject of amendments are very liberal, and we would have been satisfied had the Court permitted these pleas to be filed — but it was a matter of discretion, and we can not say that this discretion was so abused as to authorize us to reverse upon this ground. It may be that the defendant has lost the benefit of his defense to the extent of the usury claimed — but this is more properly chargeable to his own negligence. A proper administration of the law requires that parties shall be required in conducting their causes to use at least reasonable diligence.
Affirm the judgment.